IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POWIS PARKER, INC.,
A/A/O FORMATIC GMBH

      Plaintiff,                         CASE NO.: 6:22-CV-01269

v.

TRUIST BANK

      Defendant.
_____/

## FIRST AMENDED COMPLAINT FOR DAMAGES AND

## DEMAND FOR JURY TRIAL

Plaintiff POWIS PARKER, INC., A/A/O FORMATIC GMBH ("Plaintiff," "Powis Parker," or sometimes "Plaintiff/Formatic" herein), by and through its undersigned counsel, hereby sues Defendant TRUIST BANK ("Defendant" or sometimes "Defendant Bank" herein), and as grounds states as follows:

### PARTIES

1.     Plaintiff Powis Parker, Inc., is a California corporation in good standing under the laws of the State of California.

2.     Plaintiff is the assignee of Formatic GmbH, either by written, oral or equitable assignment, and has standing to bring this suit, the assignment of which is attached hereto as **Exhibit "A."**

3. Plaintiff is informed and believes and thereon alleges that Defendant Truist Bank is a North Carolina corporation, doing business in the City of Orlando, Florida, within the Ninth Judicial Circuit Court for Orange County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute because this is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorney's fees.

5. Venue is proper in this Court because the transactions herein all took place in Orange County, Florida.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiff is a privately owned corporation and focuses on providing innovative book and document binding solutions.

7. Formatic GmbH, a German corporation ("Formatic"), has done business with Plaintiff for over 20 years. Formatic has assigned to Plaintiff any and all rights it might have with respect to the facts, claims and circumstances set forth herein.

8. Sometime in January/February 2022, the email account of Jenny Talosig, the Finance Manager for Plaintiff, was hacked by a third party. The third party who hacked into Jenny Talosig's account at Powis Parker then contacted a number of customer accounts with Powis Parker, including Formatic.

9. As a result of the hacker contacting Formatic, Formatic caused to be paid on February 4, 2022, the sum of $245,000, which it thought it was sending to Plaintiff.

10. Formatic provided instructions for its wire transfer of February 4, 2022, to have its funds placed in an account maintained at Defendant Bank. The account number in Formatic's wire instructions was 1000279820137, and the account name in the wire instructions was "Powis Parker Incorporated."

11. Account number 1000279820137 was maintained by Defendant Bank at its Orlando, Florida main office. Funds were received at that account in a total amount of $245,000 on or about February 4, 2022.

12. Defendant Bank has acknowledged through its Financial Crimes Analyst, Matthew Pippin, that the aforesaid account number 1000279820137 is not actually held in the name of Powis Parker. Mr. Pippin in fact indicated that he was "closing the case" because that account was not in the name of Powis Parker and he could not provide any information concerning it.

13. Plaintiff thereafter retained legal counsel and a number of written demands were made on Mr. Pippin and on the fraud department of Defendant Bank, all of which were ignored and never responded to.

## COUNT I – VIOLATION OF FLA STAT. § 670.207

14. Plaintiff incorporates and realleges at this point each and every allegation contained in paragraphs 1-13.

15. In the wire transfer instructions provided by Plaintiff/Formatic to Defendant Bank, the specified account name ("Powis Parker Incorporated") and the account number (1000279820137) refer to different persons and/or entities.

16. Having opened account number 1000279820137, Defendant Bank knew that account number 1000279820137 referred to a person or entity other than Powis Parker Incorporated. Defendant Bank was therefore required by Florida State § 670.207(2)(b) to reject rather than accept the payment order and was not permitted to credit $245,000 into account number 1000279820137.

17. As a direct and proximate result of the Defendant Bank's violation of the provisions of Florida Statute § 670.207, Plaintiff has been damaged in the sum of $245,000 plus interest from February 4, 2022, at the legal rate of interest under Florida law.

## COUNT II – BREACH OF CONTRACT

18. Plaintiff incorporates and realleges at this point each and every allegation contained in paragraphs 1-13.

19. On or about February 4, 2022, Plaintiff/Formatic and Defendant Bank entered into a written contract in which Defendant Bank agreed to accept a payment

order for $245,000 from Formatic's bank account to the account of Powis Parker Incorporated, account number 1000279820137. A copy of the contract, marked **Exhibit B**, is attached to this First Amended Complaint and incorporated by reference.

20. Plaintiff/Formatic has performed all the conditions, covenants, promises, and agreements required of it under the terms of the contract.

21. Defendant Bank has failed and refused, and continues to fail and refuse, to perform its part of the contract or to tender such performance. Instead, Defendant Bank transferred $245,000 from Formatic's account to an account that did not bear the name "Powis Parker Incorporated," in non-compliance with the express terms of, and materially breaching, the contract.

22. Despite repeated demands by Plaintiff/Formatic, Defendant Bank has failed to return the funds that it wrongfully deposited in the account not named "Powis Parker Incorporated."

23. As a direct and proximate result of the Defendant Bank's breach of the foregoing contract between the parties alleged herein, Plaintiff has been damaged in the sum of $245,000 plus interest from February 4, 2022, at the legal rate of interest under Florida law.

## **COUNT III – CIVIL CONSPIRACY (CONVERSION)**

24. Plaintiff incorporates and realleges at this point each and every allegation contained in paragraphs 1-13.

25. Beginning no later than January/February 2022, Defendant Bank conspired with the person or entity who hacked the email account of Jenny Talosig and who also opened account 1000279820137 at Defendant Bank (the "Fraudulent Accountholder") to do an unlawful act with intent to injure Plaintiff/Formatic by converting to their own use the sum of $245,000 that was then the property of Plaintiff/Formatic.

26. Overt acts in furtherance of the conspiracy include: Defendant Bank's opening the account numbered 1000279820137 for Fraudulent Accountholder and doing so, upon information and belief, without adequate and customary security precautions and while receiving fees for the handling of such accounts; Fraudulent Accountholder's hacking of Ms. Talosig's email account and contact with Formatic; Defendant Bank's acceptance of Formatic's $245,000 payment order with funds credited into the account numbered 1000279820137 despite knowing that the account name did not match the account number; Defendant Bank's refusal to cooperate and assist Plaintiff/Formatic in good faith in identifying and recovering from Fraudulent Accountholder the converted property; Defendant Bank's refusal to

return and credit the $245,000 in converted property back to Plaintiff/Formatic despite multiple demands by Plaintiff/Formatic.

27. Defendant Bank and Fraudulent Accountholder acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and injury on Plaintiff/Formatic as described herein, and understood, accepted, and explicitly and/or implicitly agreed to such objectives.

28. Defendant Bank combined with the Fraudulent Accountholder to engage in a scheme that was intended to violate the law and the rights of Plaintiff/Formatic, and concealed and secreted the scheme.

29. As a direct and proximate result of Defendant Bank's acts performed in furtherance of the conspiracy to convert property as set forth herein, Plaintiff has been damaged in the sum of $245,000, plus interest from February 4, 2022, at the legal rate of interest under Florida law.

WHEREFORE, Plaintiff demands judgment against Defendant as to Counts I, II, and III, as follows and demands trial by jury on all issues so triable:

30. For damages in the sum of $245,000, plus interest from February 4, 2022, at the legal rate of interest under Florida law.

31. For reasonable attorneys' fees.

32. For costs of suit.

33. For such other and further relief as the court deems proper.

Respectfully submitted this 9th day of August 2022.

        /s/ *Aileen R. Mazanetz*
Aileen R. Mazanetz
Florida Bar No. 0092485
Gagen, McCoy, McMahon, Koss, Markowitz & Fanucci
630 San Ramon Valley Blvd., Suite 100
Danville, CA 94526
Telephone: (925) 837-0585
Facsimile: (925) 838-5985
E-Service:
AMazanetz@gagenmccoy.com
lkb@gagenmccoy.com
*Attorneys for Plaintiff*

Exhibit A

## ASSIGNMENT

Powis Parker, Inc., a California corporation ("Powis") and Formatic GmbH, a German corporation ("Formatic") enter into this assignment of any and all claims arising out of or related to the events described herein (the "Assignment").

WHEREAS, Formatic on or about February 4, 2022, made a payment of Two Hundred Forty-Five Thousand Dollars ($245,000) by wire transfer intended for Powis, a true and correct copy of which is attached hereto as **Exhibit A**; and

WHEREAS, the funds that were intended for Powis through such wire transfer were wrongfully diverted and were not paid to or received by Powis; and

WHEREAS, Formatic desires to assist Powis in the efforts being made by Powis to obtain possession of the funds which were wrongfully diverted in the amount of Two Hundred Forty-Five Thousand Dollars ($245,000);

NOW, THEREFORE, it is agreed by and between Powis and Formatic as follows:

Formatic assigns to Powis any and all rights, including the right to bring any suit in civil court to recover the wire transfer funds in the amount of Two Hundred Forty-Five Thousand Dollars ($245,000) described herein, including any interest, costs, expenses, and fees which are associated in the recovery of such funds. It is the intent of Formatic to provide by way of this Assignment all rights arising out of or relating to the intended payment of Two Hundred Forty-Five Thousand Dollars ($245,000) by Formatic to Powis as evidenced by the wire transfer instructions of February 4, 2022.

IN WITNESS WHEREOF, the parties hereto execute this Agreement.

Dated: May 18, 2022        Powis Parker, Inc., a California corporation

By: _____
Name: Kevin Parker
Its: President

Dated: May 18th 2022        Formatic GmbH, a German corporation

By: _____
Name: H.B. Pott
Its:

**FORMATIC**
Bonifatiusstraße 409 · 48432 Rheine
Postfach 14 25 · 48404 Rheine
Tel. 05971/96170-0 · Fax 96170-70
www.formatic.de · info@formatic.de

F:\CLGLM\56832\Formatic\ASSIGNMENT.docx

Ihre Zahlungsref. :   YG4906-ZAI156336
über:        USD 245.000,00
Valuta:      04.02.2022

```
{1:F01GENODEDDXXXX0000000000}
{2:I103BOFAUS3NXXXXN}
{3:{113:NNNN}{108:DZBP738176}{119:STP}
{121:7db86a52-1679-47c7-86c6-c8a5e5563889}}
{4:
:20:DZBP738176
:23B:CRED
:32A:220207USD245000,
:33B:USD245000,
:50K:/DE16403619060007878015
FORMATIC GmbH
Bonifatiusstr. 409
/DE/48432 Rheine
:52A:GENODEM1IBB
:57A:SNTRUS3AXXX
:59:/1000279820137
POWIS PARKER INCORPORATED
775 HEINZ AVENUE
BERKLEY, CA 94710
:70:PREPAYMENT 03/22
:71A:SHA
:71F:USD0,
-}
```

Exhibit "A"

Exhibit B

```
Ihre Zahlungsref. :    YG4906-ZAI156336
über:          USD 245.000,00
Valuta:        04.02.2022


{1:F01GENODEDDXXXX0000000000}
{2:I103BOFAUS3NXXXXN}
{3:{113:NNNN}{108:DZBP738176}{119:STP}
{121:7db86a52-1679-47c7-86c6-c8a5e5563889}}
{4:
:20:DZBP738176
:23B:CRED
:32A:220207USD245000,
:33B:USD245000,
:50K:/DE16403619060007878015
FORMATIC GmbH
Bonifatiusstr. 409
/DE/48432 Rheine
:52A:GENODEM1IBB
:57A:SNTRUS3AXXX
:59:/1000279820137
POWIS PARKER INCORPORATED
775 HEINZ AVENUE
BERKLEY, CA 94710
:70:PREPAYMENT 03/22
:71A:SHA
:71F:USD0,
-}
```