UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POWIS PARKER, INC.,

    Plaintiff,

v.                                            Case No. 6:22-cv-1269-WWB-DAB

TRUIST BANK,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Truist Bank's ("**Truist**") Motion to Dismiss the Second Amended Complaint (Doc. 18) and Plaintiff's Response in Opposition (Doc. 24) thereto.[1]

### I.   BACKGROUND

In January or February 2022, the email account of Plaintiff's Finance Manager was hacked by a third party. (Doc. 15, ¶ 8). The hacker then contacted a number of Plaintiff's customer accounts, including Formatic GmbH ("**Formatic**"). (*Id.*). As a result, Formatic wired $245,000 to the hacker, which it thought was Plaintiff. (*Id.* ¶ 9).

Formatic provided instructions for the funds to be placed in account number 1000279820137 maintained at Truist's branch in Orlando, Florida. (*Id.* ¶¶ 10–11). The wire transfer identified the account name as "Powis Parker Incorporated." (*Id.* ¶ 10). "Having opened account number 1000279820137, Defendant Bank had knowledge as

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

defined in Florida Statute § 671.209(6) of the information contained in its own records and that account number 1000279820137 referred to a person or entity other than Powis Parker Incorporated." (*Id.* ¶ 16). Truist acknowledged that the account number 1000279820137 is not held in the name of Powis Parker Incorporated. (*Id.* ¶ 12). Nonetheless, Truist ignored Plaintiff's written demands. (*Id.* ¶ 13).

Based on these facts, Plaintiff alleges two counts: Violation of Fla. Stat. § 670.207 (Count I) and Breach of Contract (Count II). Truist moves to dismiss the Second Amended Complaint (Doc. 15) for failure to state a claim. (Doc. 18).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss made pursuant to Rule 12(b)(6), Fed. R. Civ. P., the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most

favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

## III.   DISCUSSION

### A.   Violation of Section 670.207, Florida Statutes

First, Truist argues that dismissal is warranted because it is entitled to rely upon the account number to identify the beneficiary of a wire transfer and had no legal obligation under section 670.207 of the Florida Statutes to determine if the beneficiary's name matched the account number. Second, Truist argues that Plaintiff failed to allege any facts to suggest that Truist knew at the time of the transfer that there was a discrepancy between the beneficiary's name and account number.

The State of Florida has adopted Article 4A of the UCC. Section 670.207, Florida Statutes, the provision of Article 4A relevant to this action, provides in pertinent part:

> (2) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> (a) Except as otherwise provided in subsection (3), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
>
> (b) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

Here, the Second Amended Complaint alleges that Truist had knowledge of the discrepancy in the wire transfer. Specifically, the Second Amended Complaint alleges

3

that "[h]aving opened account number 1000279820137, Defendant Bank had knowledge as defined in Florida Statute § 671.209(6) of the information contained in its own records and that account number 1000279820137 referred to a person or entity other than Powis Parker Incorporated."  (Doc. 15, ¶ 16).  Section 671.209(2) defines "[k]nowledge" as "actual knowledge."  The Court finds this sufficient to allege that Truist had actual knowledge that the account number did not match the beneficiary named in the wire transfer.  *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, No. 18-cv-60250-UU, 2018 WL 8334591, at *3 (S.D. Fla. Apr. 4, 2018) (concluding plaintiff sufficiently pleaded knowledge by alleging that the defendant "knew that the name and account number on the wire instructions referred to different persons" and "knew that the person it notified was not the proper and intended recipient"); *Wheels Invs., LLC v. Wells Fargo Bank, N.A.*, No. 6:19-cv-658-GAP-EJK, 2021 WL 8895130, at *2 (M.D. Fla. Apr. 29, 2021) (finding knowledge sufficiently pleaded where the complaint alleged that the "[defendant] knew of the conflict between the identification of the beneficiary by name and number in the subject payment order and knew that [the intended beneficiary] was not the holder of the account number stated in the payment order, yet nevertheless paid the [ ] order").

The Court notes, however, that Plaintiff must provide evidence of actual knowledge to survive the summary judgment stage.  Evidence that merely implies Truist should have known or could have known of the discrepancy will not suffice.  *Peter E. Shapiro, P.A. v. Wells Fargo Bank, N.A.*, 352 F. Supp. 3d 1226, 1233–34 (S.D. Fla. 2018) (granting summary judgment in favor of the bank where the plaintiff based the bank's knowledge on the fact that the bank had opened the receiving account in the third-party's name and

4

had processed a fraudulent wire to the third-party's account previously), *aff'd*, 795 F. App'x 741, 747 (11th Cir. 2019).

Based on the foregoing, Truist's Motion will be denied as to Count I.

**B.     Breach of Contract**

Next, Truist argues that Plaintiff's Breach of Contract claim must be dismissed for two reasons. One, the claim is preempted by the UCC, and two, Plaintiff has failed to allege a contractual relationship existed between the parties. Because the Court finds that the Breach of Contract claim is preempted, it is unnecessary to reach the alleged contractual relationship between the parties.

The rules set forth in Article 4A of the UCC "are intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties *in any situation covered by particular provisions of the Article*." *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274 (11th Cir. 2003). Thus, "resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities *inconsistent* with those stated in this Article." *Id.* at 1275 (quoting U.C.C. § 4A-102 cmt.). This does not mean that Article 4A is the "exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer." *Id.* at 1274–75 (quotation omitted). "Claims that, for example, are not about the mechanics of how a funds transfer was conducted may fall outside of this regime." *Valdes v. Customers Bank, Inc.*, No. 8:19-cv-2603-T-33AEP, 2020 WL 13357817, at *4 (M.D. Fla. Feb. 10, 2020) (quoting *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 89 (2d Cir. 2010)).

Plaintiff alleges that Formatic and Truist entered into a written contract when Formatic offered to transfer $245,000 into an account maintained by Truist "on the

5

conditions stated in [the] offer" and Truist agreed or accepted the payment order in return gained and/or retained fees and goodwill associated with the transfer as well as maintenance of Truist's customer account. (Doc. 15, ¶ 19). Truist breached the contract by failing to perform its part and instead transferred $245,000 into an account that did not belong to Powis Parker Incorporated, in contravention of the express terms of the payment order. (*Id.* ¶ 21). Such allegations plainly attempt to determine the rights, duties and liabilities of the affected parties governed by section 670.207(2)(a), albeit wrapped in a breach of contract claim. *See Peter E. Shapiro, P.A.*, 795 F. App'x at 746 ("[Section] 670.207 . . . describes the rights, duties, and obligations of parties when a funds transfer 'misdescribes' the beneficiary."). To be clear, Plaintiff seeks to impose upon Truist an obligation based on the wire transfer itself to ensure that the named beneficiary in the wire transfer matched the account number provided in the wire transfer before completing the transaction. Whereas section 670.207(2)(a) expressly provides that "if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. *The beneficiary's bank need not determine whether the name and number refer to the same person.*" (emphasis added).

Furthermore, the cases cited by Plaintiff are both nonbinding and distinguishable. For example, in *Fischer & Mandell LLP v. Citibank, N.A.*, the Second Circuit held that a common law breach of contract claim is not preempted by Article 4A to the extent that Article 4A permits the provisions of 4A to be varied by agreement. 632 F.3d 793, 797–98 (2d Cir. 2011). In that case, the parties were subject to an agreement that set forth when funds were available to the account holder after the customer deposits a check and

6

what would occur if the deposited check did not clear. *Id.* at 799. The Second Circuit found plaintiff's claim that the defendant breached such agreement was not preempted by Article 4A. *Id.* at 798. Likewise, in *Schlegel v. Bank of Am., N.A.*, the court found that common law claims related to the alleged unauthorized payment orders were preempted by Article 4A, but that the plaintiff's common law claims regarding the subsequent freezing of the funds did not seek to create rights, duties, and liabilities inconsistent with Article 4A and thus were not preempted. 628 S.E.2d 362, 368 (Va. 2006).

Because Plaintiff's Breach of Contract claim seeks to create a right, duty, and liability inconsistent with those set forth in Section 670.207(2)(a), the Court finds that the Breach of Contract claim is preempted by Article 4A. Accordingly, Count II will be dismissed with prejudice.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss the Second Amended Complaint (Doc. 18) is **GRANTED in part**. Count II is **DISMISSED with prejudice**. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 2, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record